UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| JOYCE B. JONES | CIVIL ACTION |
|---|---|
| VERSUS | NUMBER: 11-510-DLD |
| MICHAEL J. ASTRUE, Commissioner of Social Security | CONSENT CASE |

## RULING

Plaintiff seeks judicial review of a final decision of the Commissioner denying her claim for disability insurance, SSI and widow's benefits. In making that final decision, the Commissioner reached the fourth step of the five-step sequential disability analysis set forth in 20 C.F.R. § 404.1520(b)-(f) & § 416.920(b)-(f).[1] The Commissioner determined that plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, obesity, and diabetes mellitus with lower extremity neuropathy; but that these impairments did not prevent her from performing her past relevant work as a customer service representative.

## *Background*

Plaintiff protectively filed an application for benefits on November 24, 2008, alleging a disability onset date of December 31, 2007, due to diabetes, numbness in her feet and legs, and "back and neck problem." (TR 133) The claim was initially denied on February 6, 2009, and plaintiff subsequently amended her onset date to January 1, 2009 (TR 45, 172). Plaintiff filed a timely request for hearing; a hearing was held on November 9, 2009; and an unfavorable decision was rendered on December 23, 2009 (TR 23-29), finding that

---

[1] *See, e.g., Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

plaintiff was not disabled from December 31, 2007, through the date of the decision. At the time of the November 9, 2009, hearing, plaintiff was 52 years old, had a 12th grade education, and had past relevant work as a customer service representative, nurse's aide and a sitter. (TR 45-47) In his decision following the hearing, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform a modified range of sedentary work which allowed her to "alternate positions after thirty minutes and stand and walk for short periods before returning to the seated position." (TR 26) Plaintiff appealed the ALJ's decision, and the Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.

### *GOVERNING LAW*

In reviewing the Commissioner's decision to deny benefits, the Court is limited to a determination of whether the Commissioner's decision was supported by substantial evidence existing in the record as a whole and whether the Commissioner applied the proper legal standards. *E.g., Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). In applying the "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision does exist, but the Court may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for the Commissioner's even if the evidence preponderates against the Commissioner's decision. *Id.* Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Id.* A finding of "no substantial evidence" will be made only where there is a conspicuous absence of credible choices or an absence of medical evidence contrary to the claimant's position. *Id.*

2

The overall burden of proving disability under the Social Security Act rests on the claimant. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). If the claimant proves that she no longer is able to work in her past relevant work, then and only then does the burden shift to the Commissioner to establish that the claimant nonetheless has the ability to engage in other substantial gainful activity. *E.g., Rivers v. Schweiker*, 684 F.2d 1144, 1155-1156 & n.14 (5th Cir. 1982). Thus, in cases such as this one where the Commissioner determines that the claimant is capable of performing her past relevant work and accordingly reaches only the fourth step of the five-step disability sequential analysis, the burden of persuasion remains with the claimant to show an inability to return to her past relevant work.

## *ISSUES*

The issue before this Court is whether the Commissioner's finding that Joyce B. Jones is not disabled is supported by the substantial evidence and was reached by applying the proper legal standards. 42 U.S.C. § 405(g).

Plaintiff argues for either reversal or remand based on the following basis:

1) The ALJ's denial of benefits at Step 3 is unsupported by substantial evidence because "the claimant's combined impairments met or at least medically equaled §§ 1.04 and/or 9.08(A) of the Listing of Impairments." (rec.doc. 14-1, pg 5)

## *DISCUSSION AND ANALYSIS*

At the disputed step 3 of the sequential process, the ALJ concluded that plaintiff's impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step 3 of the process. (TR 26).

3

Plaintiff contends, however, that the ALJ's determination at Step 3 was not supported by substantial evidence and characterizes the ALJ's findings at Step 3 of the sequential evaluation process as "entirely conclusory,"because it included no analysis regarding how her impairments did not meet or medically equal the Listing impairments (1.04 and/or 9.08(A)). Plaintiff argues that the ALJ's failure to offer any rationale for her step 3 denial is contrary to the Fifth Circuit's holding in *Audler v. Astre*, 501 F.3d 446, 448 (5th Cir. 2007), which requires the rationale be given in order to permit adequate judicial review.

In *Audler*, the Fifth Circuit opined that the ALJ is required to discuss the evidence and explain the basis for his findings at each unfavorable step of the sequential evaluation process. *See*, 42 U.S.C. § 405(b)(1). Here, while it is true that the ALJ's bare conclusion that the claimant's impairments do not meet or equal a listing does not independently provide a basis for judicial review to assess whether the finding is supported by substantial evidence, the ALJ's failure to adequately explain her step 3 determination nevertheless does not require remand unless it affects the claimant's "substantial rights.[2]" *Id*. A claimant's substantial rights are affected at step three when he demonstrates that he meets, or at least appears to meet, the requirements for a listing.

To establish that a claimant's injuries meet or medically equal a listing, the claimant must provide medical findings that support all of the criteria for a listed impairment (or most similarly listed impairment). *See Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir.1990). In determining whether a claimant's impairments equal a listing, all evidence in the record

---

[2]*I.e.,* the error may be harmless. *Audler, supra* (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 2007).

about the claimant's impairments and their effects are considered. 20 C.F.R. § 404.1526(c).

Here, plaintiff contends that her impairments meet or medically equal the listings for disorders of the spine (Listing 1.04) and/or diabetes mellitus (Listing 9.08(A)).

Listing 1. 04 states, in pertinent part:

Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A.   Evidence of nerve root compression characterized by neuro- anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
. . .

In support of her argument, plaintiff cites to a Disability Assessment of January 27, 2009, where plaintiff reported "progressive worsening tingling and numbness in both feet and legs." (TR 259). She complained of sharp, burning back pain (10/10 in intensity) pain radiating into her lower right extremity which gives out periodically resulting in a fall, and which is aggravated by sitting or standing for long periods of time or extensive walking. Plaintiff characterizes these symptoms as "clinical evidence of neuropathy with significant sensory loss in all modalities." (rec.doc. 14-1, pg. 8) Plaintiff also reported that her pain is relieved by medication, and stated that an MRI of her neck and back "revealed findings of lesion in her back requiring surgery" but she "was scared of surgery." Id. Plaintiff complains that the ALJ did not discuss the "significance of these findings in his Step 3 determination."

Plaintiff next discussed her initial visit to Earl K. Long Medical Center (EKLMC) of April 9, 2009, and states that the examination revealed "claw-toe deformities on both feet

5

as well as muscle weakness in both feet, finding relative to both listings." (rec.doc. 14-1, pg. 8) Plaintiff complains that the ALJ did not address the muscle weakness, but a review of this record shows no mention of muscle weakness. (TR 283)

Also in support of her argument, plaintiff cites to an October 5, 2009, visit to the neurosurgery clinic, wherein she complained of right-sided low back pain with distribution of pain down the right leg. Plaintiff states that the examination revealed sensory loss in her legs, and a positive straight leg raise test on the right side, along with lumbar point tenderness, and weak dorsiflexion and extension, which plaintiff characterizes as "motor loss." Plaintiff complains that the ALJ did not address the motor loss here, either.

The court finds plaintiff's arguments to be without merit. First, the ALJ's decision reveals that she considered the disability assessment of January 27, 2009, noting that plaintiff also had a normal gait and coordination, bony point tenderness at the cervical and lumbar spine, positive straight leg raise test at 60-65 degrees, and decrease light touch, pinprick, and temperature. She discussed that the consultative examiner found no atrophy, normal muscle tone and strength, and did not quantify any limitations, thereby rendering the assessment of limited probative value. (TR 27) The court notes that the examiner diagnosed plaintiff with diabetes mellitus with neuropathy, neck and low back pain with radiculopathy, and morbid obesity.[3] (TR 262) Further, the court's review of the examination findings of that visit revealed that plaintiff was able to get on and off the exam table without

---

[3]Plaintiff contends there was "significant sensory loss to all modalities," but the record evidence reveals no such finding.

Case 3:11-cv-00510-DLD   Document 20   09/20/12   Page 6 of 11

difficulty, did not make use of any assistive devices, and her deep tendon reflexes were 2+ and symmetrical.

The ALJ also discussed a February 25, 2009, MRI which revealed degeneration at L5-S1 and T12-L1 disc bulge but no disc herniation or canal stenosis in the lumbar spine; and the October 2, 2009, neurology visit which reveals that her lower extremity strength was "slightly diminished at 4/5 bilaterally," and the neurologist's findings that plaintiff had right leg neuropathy and lumber degenerative joint disease. The ALJ noted that the recommendation was physical therapy, but that the record did not reflect subsequent treatment with physical therapy.

Moreover, plaintiff admits that she exhibits only some of the criteria for Listing 1.04, and an impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 891 (1990). If the plaintiff fails to demonstrate the specified medical criteria, the court must find that substantial evidence supports the ALJ's finding that listings-level impairments are not present. *Selders,* 914 F.2d at 620.

Turning to plaintiff's apparent argument that her functional limitations medically equal Listing 1.04, the court also finds this argument to be without merit. Medical equivalence may be established by showing that plaintiff's unlisted impairment, or combination of impairments, is equivalent to a listed impairment. *Zebley,* at 531, 20 C.F.R. § 404.1526(b). To do so, plaintiff must present medical findings equal in severity to all the criteria for the one most similar listed impairment. Id., citing 20 C.F.R. § 416.926(a). A claimant's disability is equivalent to a listed impairment if the medical findings are at least equal in duration and severity to the listing findings. Id. The court must find that substantial evidence supports the

7

ALJ's finding at Step 3 if the plaintiff fails to demonstrate the specified medical criteria. *Selders*, 914 F.2d at 619–20.

Here, the one most similar listed impairment is Listing 1.04, and the regulations further emphasize that "[r]egardless of the cause(s) of a musculoskeletal impairment, functional loss [the "other findings"] for purposes of these listings is defined as the inability to ambulate effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment ..." 20 C.F.R. Subpart P, App. 1, Section 1.00B(2)(a). Medical equivalence must be based on medical findings supported by medically acceptable clinical and laboratory diagnostic techniques. *See generally* 20 C.F.R. §§ 404.1526, 404.1527. Further, because a finding of medical equivalence requires familiarity with the regulations and the legal standard for severity, it is an issue reserved to the Commissioner. Id.

In this instance, other than the conclusory statement that her impairments should have been considered under a "medical equivalence" standard, plaintiff has not put forth any evidence regarding her functional loss; that is, that she is unable to ambulate effectively on a sustained basis,. Also, although plaintiff may have some difficulty with walking distances, the medical evidence reflects that she had a normal gait, walked without an assistive device, had no atrophy, and no positive straight leg raise tests in both the supine and sitting positions. Further, assuming *arguendo* that plaintiff also meant to argue that her subjective pain should have been considered, evidence that plaintiff receives only conservative pain treatment substantially supports the ALJ's adverse credibility finding against complaints of incapacity and severe pain. *Parfait v. Bowen*, 803 F.2d 810, 813-14 (5th Cir. 1986). Also, "if an impairment reasonably can be remedied or controlled by

medication or therapy, it cannot serve as a basis for a finding of disability." *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988). Here, plaintiff received conservative pain treatment, and she stated that her pain was relieved by medication.

Thus, plaintiff has not met her burden at step 3 to demonstrate that she meets or appears to meet the criteria of Listing 1.04. Also, "as a threshold matter, the ALJ is responsible for ultimately deciding the legal question whether a listing is met or equaled." SSR 96–6p, 1996 WL 374180, at *3 (S.S.A. July 2, 1996); *see generally* SSR 96–5p, 1996 WL 374183, at *3 (S.S.A. July 2, 1996); 20 C.F.R. §§ 404 .1526(e), 404.1527(e). Substantial evidence therefore supports the ALJ's decision that plaintiff's impairment or combination of impairments did not meet or medically equal the criteria of Listing 1.04.

Moving on to plaintiff's claims that her impairments either meet or medically equal the criteria of Listing 9.08(a) (diabetes mellitus), the criteria of that Listing are a diagnosis of diabetes mellitus with:

> A.  Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C);
> . . . .

Here, the record reflects that while plaintiff may have had some neuropathy, there is nothing in the record regarding a sustained disturbance of gross and dexterous movements, or gait and station. Plaintiff's gait was normal, and no physician opined that she suffered from significant and persistent disorganization of motor function. The ALJ specifically discussed plaintiff's fluctuating blood sugar levels which required adjustment in her medications but infrequent physician visits, no history of ulcers, swelling, abnormal foot shape, limited flexion, ingrown nails, or absent pedal plus, although she had some

9

claw-toe deformity. Plaintiff put forth no evidence that her impairments medically equaled Listing 9.08(A), either. Substantial evidence therefore exists in the record which supports the ALJ's determination that plaintiff's impairment or combination of impairments did not meet or medically equal Listing 9.08(A).

Regarding plaintiff's claim of legal error due to the "bare conclusion" of the ALJ's Step 3 determination, the court also finds that plaintiff's substantial rights were not affected because it was plaintiff's burden at Step 3 to present evidence that her impairments met or medically equaled any Listing, and she failed to do so. Also, while the ALJ may have summed up her conclusion in one sentence, the decision is clear that the ALJ considered the record as a whole when reaching her Step 3 determination. Therefore, although the ALJ did not reach a result that was favorable to the plaintiff, her decision was well reasoned and supported by the substantial evidence in the record and was reached using the proper legal standard.

## CONCLUSION

Accordingly, for the reasons assigned, the decision of the Commissioner denying benefits will be affirmed, and the complaint of Joyce B. Jones will be **DISMISSED**, with prejudice.

Signed in Baton Rouge, Louisiana, on September 20, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCE B. JONES | CIVIL ACTION |
| VERSUS | NUMBER 11-510-DLD |
| MICHAEL J. ASTRUE, Commissioner of Social Security | CONSENT CASE |

## FINAL JUDGMENT

In accordance with written reasons assigned this date,

**IT IS ORDERED, ADJUDGED AND DECREED** that the decision of the Commissioner denying benefits shall be and hereby is **AFFIRMED** and that plaintiff's complaint hereby is **DISMISSED**, with prejudice.

Signed in Baton Rouge, Louisiana, on September 20, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**